IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODNEY HEARD, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-905-NJR-DGW |
| | ) | |
| NATHAN CHAPMAN, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel (Doc. 50), the Motion for Leave to File an Amended Complaint (Doc. 53), and the Motion for Service of Process at Government Expense (Doc. 54), filed by Plaintiff Rodney Heard. The Court has considered the motions and any responses filed thereto and finds as follows:

1. **Motion to Compel (Doc. 50)**

In this motion, Plaintiff asks the Court to enter an order compelling defendants to answer his interrogatories and provide the names of the John Doe defendants. Plaintiff takes particular issue with Defendant Chapman's and Defendant Vipin Shah's responses to his first and second interrogatory requests.

Defendants Hess and Pierce filed a response to Plaintiff's motion to compel on June 18, 2015 (Doc. 51). Defendants Hess and Pierce explain that Plaintiff did not serve discovery requests on them; thus, any request by Plaintiff to compel them to provide answers to his interrogatory requests is moot. However, to the extent Plaintiff seeks information responsive to his requests regarding the John Doe defendants, Defendants Hess and Pierce explain they have

responded to Plaintiff's requests to the best of their ability and have provided the Court with their responses. Upon review of Defendant Hess's and Pierce's responses to Plaintiff's requests seeking information regarding the identity of the John Doe defendants, the Court finds that these Defendants have fully responded.

Defendants Chapman and Shah filed their response to Plaintiff's motion on June 23, 2015 (Doc. 52), explaining they have provided Plaintiff with a copy of his medical records, including records from Pontiac Correctional Center, which should inform him of the names of the John Doe defendants. Defendants explain they have no further information concerning the John Does. With regard to their interrogatory responses, Defendants Chapman and Hess stand on their objections, and further explain that they supplemented their responses on June 3, 2015 (*see* Docs. 52-2 and 53-3). The Court has reviewed the supplemental responses and finds them to be sufficient. Further, Defendant Chapman's and Hess's objections are appropriate. For these reasons, Plaintiff's motion to compel is **DENIED**.

   **2. Motion to Amend the Complaint (Doc. 53)**

Plaintiff Rodney Heard, an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed this action pursuant to 42 U.S.C. § 1983 alleging defendants violated his constitutional rights. After an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on one count against Defendants Dr. Nathan Chapman, Dr. Vipin Shah, Counselor Hess, Warden Pierce, and John Does 1 and 2 for acting with deliberate indifference to Plaintiff's serious dental needs.

Subsequently, Plaintiff filed this motion to amend his complaint to identify the John Doe defendants and name two additional defendants, nurses Henrietta Malvin and Deb Bolluck.

Plaintiff alleges that Ms. Malvin and Ms. Bullock were also deliberately indifferent to his dental needs and other serious, related health conditions. The Court notes that Plaintiff also names Warden Gaetz in his proposed amended complaint, who was dismissed without prejudice in the Court's initial screening order.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading, and that leave to amend should be freely given when justice so requires. Yet, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing a motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim, the grounds upon which it rests, and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007).

The Seventh Circuit Court of Appeals recognizes a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right in order to recover damages under Section 1983. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citations omitted). An individual cannot be held liable in a Section 1983 action unless he caused or participated in an alleged constitutional deprivation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (citations omitted). Plaintiff's allegations against Warden Gaetz do not allege any direct involvement in the treatment decisions at issue or, for that matter, any knowledge of Plaintiff's condition and his need for treatment. Accordingly, Plaintiff's proposed amended complaint fails to state a claim against Warden Gaetz.

However, Plaintiff's allegations against Nurses Henrietta Malvin and Deb Bullock are sufficient to state a claim of deliberate indifference. Further, Plaintiff has adequately identified the John Doe defendants as Dr. Tilden (John Doe 1) and Dr. Mitchell (John Doe 2). As set forth in Judge Rosenstengel's screening order, the allegations against these defendants is sufficient to state a claim of deliberate indifference.

This Court finds that justice so requires Plaintiff be granted leave to amend his complaint and name as defendants to this action Drs. Tilden and Mitchell and Nurses Malvin and Bullock. There was no undue delay in filing the proposed complaint nor is it apparently dilatory or frivolous as to these defendants. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 948-49 (7th Cir. 2002) ("courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile.")). Moreover, Defendants have failed to respond to Plaintiff's motion. As Local Rule 7.1(g) dictates, "a party opposing a motion [to amend] shall have 14 days after service of the motion to file a written response." Plaintiff's Motion to Amend was filed on July 16, 2015. Defendants have not filed a response. The Court will consider the failure to respond as an admission of the merits of Plaintiff's motion, pursuant to Local Rule 7.1(g). Accordingly, Plaintiff's Motion to Amend his Complaint (Doc. 53) is **GRANTED IN PART** as to the addition of defendants Tilden, Mitchell, Henrietta, and Bullock, and **DENIED IN PART** as to the addition of Warden Gaetz.

The Clerk of Court is **DIRECTED** to electronically file Plaintiff's proposed amended complaint as the First Amended Complaint. For clarification, the Court reiterates that the First Amended Complaint does not state any claim against Defendant Gaetz.

The Clerk of Court shall prepare for Defendants **Dr. Tilden, Dr. Mitchell, Henrietta**

**Malvin**, and **Deb Bullock**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

3. **Motion for Service of Process at Government Expense (Doc. 54)**

Plaintiff's motion is **GRANTED IN PART** with respect to Defendants Tilden, Mitchell, Malvin, and Bullock and **DENIED IN PART** with respect to Defendant Gaetz.

**IT IS SO ORDERED.**

**DATED: August 5, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**